THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID MAYHALL, Defendant-Appellant.

Fifth District   No. 5—95—0359

Opinion filed August 18, 1997.

Daniel M. Kirwan and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, and Apexa Patel, of Carbondale, for appellant.

William Haine, State's Attorney, of Edwardsville (Norbert J. Goetten, Robert J. Biderman, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

On March 1, 1994, defendant was charged with unlawful removal of manufacturer's identification number, unlawful concealment of vehicle identity, and unlawful possession of a vehicle with a falsified vehicle identification number. Following a jury trial, defendant was convicted of unlawful removal of manufacturer's identification number and unlawful concealment of vehicle identity. On April 18, 1995, defendant was sentenced to two years' probation and was ordered to pay court costs and $240 restitution.

Defendant argues that his conviction for unlawful removal of manufacturer's identification number should be reversed because: (1) section 4—103(a)(2) of the Illinois Vehicle Code (625 ILCS 5/4—103(a)(2) (West 1994)) is unconstitutional as applied in this case; and (2) the Class 2 penalty provision of the offense is disproportionate to the nature of the offense.

Defendant first argues that section 4—103(a)(2) of the Illinois Vehicle Code is unconstitutional as applied in this case. Defendant states that chapter 4, article I, of the Illinois Vehicle Code, which section 4—103(a)(2) falls within, was designed to protect individual vehicle owners against theft and the general public against crimes involving stolen vehicles. Defendant further argues that section 4—103(a)(2) fails to adequately address the concerns of the legislature in attempting to curtail vehicle-theft-related activities and, instead, punishes otherwise innocent conduct.

The State argues that section 4—103(a)(2), as applied to defendant, is not unconstitutional because in this case the jury was instructed that, in order for defendant to be found guilty under the statute, he had to have the intent to defraud or commit a crime.

■ The jury found defendant guilty of violating section 4—103(a)(2) of the Illinois Vehicle Code. Section 4—103 states in pertinent part:

> "(a) It is a violation of this Chapter for:
> ***

(2) A person to knowingly remove, alter, deface, destroy or falsify a manufacturer's identification number of a vehicle or an engine number of a motor vehicle or any essential part thereof having an identification number." 625 ILCS 5/4—103(a)(2) (West 1994).

Norman Thompson, an investigator with the Secretary of State police, testified that defendant made a voluntary statement regarding the events surrounding the red 1985 Honda. Investigator Thompson testified that in February 1993 defendant was employed as a mechanic by Alton Motors and had performed repair work on the Honda. According to Thompson, defendant stated that the original Honda was "total junk" and that the owner of Alton Motors asked him to replace the front clip of the car with the front clip of another car. Defendant welded the parts of the cars together on the underside about six inches back from the door hinge area all the way across the parts. The 1985 Honda and the newly added front clip had different vehicle identification numbers. Defendant stated that he had attached the vehicle identification number (VIN) from the original part (the front clip of the red Honda) over the one stamped onto the firewall of the replacement part, because the owner of Alton Motors was concerned about the VINs being the same throughout the car and that the VINs not look as though they had been tampered with. Defendant told investigator Thompson that he did not want to tamper with the VIN but that he would not be paid for his work if he did not follow his employer's request.

Defendant testified that the work he performed on the original 1985 Honda was strictly body work, replacing the damaged right front fender and front clip unibody. Defendant testified that he was reluctant to cut the VIN out of the original Honda's damaged front clip because he was uncertain of the law with regard to VINs. Defendant testified that he left Alton Motors after completing this job.

Robin Wagner testified that she purchased the Honda at issue from Alton Motors and that she was unable to obtain title or license plates for the car. An investigator from the Secretary of State's office eventually came to her home and inspected the car. Wagner testified that she saw there was a metal plate covering the original VIN and that she later learned that the original plate had been removed. Wagner testified that when she purchased the car she had no knowledge that her car had been welded together. She did not learn of this fact until the investigators took the car. Wagner testified that when considering whether to buy the car, she had asked whether the car had been in any accidents, but she had not asked about the car's VINs.

At the close of the evidence, defense counsel renewed his motion to have the statute declared unconstitutional. The court denied the motion, stating that defendant's reliance on his boss's instructions was not enough to exonerate him. The court concluded that, in the total context of the case, what occurred with the red 1985 Honda was an attempt to defraud the public by hiding the fact that the car was a mixture of two cars that had been welded together.

On appeal, defendant renews his argument that this statute is unconstitutional. He argues that the statute does not require defendant to have a criminal purpose and, thus, could potentially punish innocent conduct.

■ Statutes are presumed constitutional, and all reasonable doubts must be resolved in favor of upholding their validity. *People v. DePalma*, 256 Ill. App. 3d 206, 210, 627 N.E.2d 1236, 1239 (1994). A reviewing court must construe acts of the legislature so as to affirm their constitutionality and validity if it can reasonably be done. *DePalma*, 256 Ill. App. 3d at 210, 627 N.E.2d at 1239. The party challenging the constitutionality of a statute bears the burden of clearly establishing the constitutional violation. *DePalma*, 256 Ill. App. 3d at 210, 627 N.E.2d at 1239.

Defendant relies upon two cases to support his argument that the statute is overly broad as applied to this case. The issue in *People v. Tolliver*, 147 Ill. 2d 397, 589 N.E.2d 527 (1992), was whether section 4—104(a)(2) of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95$\frac{1}{2}$, par. 4—104(a)(2) (now 625 ILCS 5/4—104(a)(2) (West 1994))) was unconstitutionally broad. In *Tolliver*, the defendant was charged with possession of an automobile title without complete assignment. *Tolliver*, 147 Ill. 2d at 399, 589 N.E.2d at 528. Defendant was convicted despite his argument that the statute was unconstitutional in that it failed to give fair notice of what conduct was prohibited. under it. *Tolliver*, 147 Ill. 2d at 399, 589 N.E.2d at 528. The appellate court reversed, finding section 4—104(a)(2) unconstitutionally overly broad because it required no mental state and would punish innocent behavior. *Tolliver*, 147 Ill. 2d at 399, 589 N.E.2d at 528. The Illinois Supreme Court found section 4—104(a)(2) constitutional but modified the intent requirement to include that the accused possessed the incomplete title with "a criminal knowledge, in other words, knowledge plus criminal purpose." *Tolliver*, 147 Ill. 2d at 403, 589 N.E.2d at 530. Tolliver was ordered discharged because there was no evidence presented at trial that established that defendant had a criminal purpose and there were no allegations that defendant stole the car or attempted to perpetrate a fraud. *Tolliver*, 147 Ill. 2d at 403, 589 N.E.2d at 530.

In *People v. DePalma*, 256 Ill. App. 3d 206, 627 N.E.2d 1236 (1994), the defendant was charged with possession of a vehicle with knowledge that the VIN had been removed, a Class 2 felony under sections 4—103(a)(4) and (b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, pars. 4—103(a)(4), (b) (now 625 ILCS 5/4—103(a)(4), (b) (West 1994))). The defendant was aware that the VIN plates on the dashboard and door jambs were missing, as they had been removed when the vehicle was stolen from the previous owner. The defendant argued that section 4—103(a)(4) was overly broad because it criminalized innocent conduct. *DePalma*, 256 Ill. App. 3d at 210, 627 N.E.2d at 1239. The *DePalma* court agreed and followed *Tolliver*, thereby interpreting the knowledge requirement of section 4—103(a)(4) to mean "criminal knowledge" or "knowledge with an intent to defraud or commit a crime." *DePalma*, 256 Ill. App. 3d at 211-12, 627 N.E.2d at 1240.

*Tolliver* and *DePalma* are distinguishable from this case because those cases involved offenses based solely on a person's *possession* of an improper item (an incomplete assignment of title and a vehicle with no VIN, respectively). In the present case, defendant did not merely possess a car with an altered VIN, but he was responsible for *knowingly altering* the VIN. Defendant admitted at trial that he was reluctant to alter the VIN because he was uncertain about the legality of doing so.

■ The *Tolliver* and *DePalma* courts found that in both cases a higher criminal knowledge requirement was needed to insure that neither statute punished innocent conduct. In the instant case, however, the higher criminal knowledge requirement was not absent. In this case, the jury was instructed that both of the offenses of unlawful concealment of vehicle identity and unlawful removal of a manufacturer's identification number required a finding that defendant had the intent to defraud or commit a crime. After reviewing the evidence, the jury found defendant guilty of both those offenses. We hold that section 4—103(a)(2) of the Illinois Vehicle Code is constitutional as applied to this defendant. We therefore affirm on this issue.

■ Defendant next argues that the Class 2 penalty provision of section 4—103(b) of the Illinois Vehicle Code (625 ILCS 5/4—103(b) (West 1994)) is disproportionate to the nature of the offense. Defendant relies upon *People v. Morris*, 136 Ill. 2d 157, 554 N.E.2d 235 (1990), which held that the penalty of a Class 2 felony for altering the temporary registration permit of a vehicle which the defendant owns, or is legally entitled to, violates the Illinois constitutional guarantees of due process and of proportionate penalties. *Morris*, 136 Ill. 2d at 162-63, 554 N.E.2d at 237.

We find *Morris* distinguishable from the present case. The defendant in *Morris* was convicted of altering the expiration date of his car's temporary registration permit from February 12, 1988, to August 12, 1988. The court found that the Class 2 felony penalty of section 4—104(b)(2) of the Illinois Vehicle Code for a violation of section 4—104(a)(3) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95$^1$/$_2$, pars. 4—104(a)(3), (b)(2) (now 625 ILCS 5/4—104(a)(3), (b)(2) (West 1994))) was disproportionate to the offense, where the vehicle at issue was legally owned by the defendant and the defendant's conduct was not related to auto theft and did not deprive another automobile owner of his or her vehicle. *Morris*, 136 Ill. 2d at 167-68, 554 N.E.2d at 239.

In the present case, defendant argues that because his employer owned the Honda, and because he altered the VIN at the request of his employer, he is in the same position as the defendant in *Morris*. We disagree. Alton Motors was a company in the business of selling cars. Defendant's conduct of altering the Honda's VIN, knowing it would be put on the market to be sold, helped facilitate a fraud on Robin Wagner, who eventually bought the pieced-together car. In this case, defendant's conduct directly impacted another individual, unlike the defendants in *Morris* and *DePalma*.

In addition, as we previously stated, the jury was instructed that the State had to prove that the defendant had a criminal purpose when he altered the VIN. Taking this "higher criminal knowledge requirement" into account, the jury nevertheless convicted defendant of unlawful removal of the manufacturer's identification number and unlawful concealment of vehicle identity. We hold that the Class 2 felony penalty was not disproportionate and, therefore, we affirm on this issue.

Affirmed.

WELCH and MAAG, JJ., concur.