THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRY T. ROBERTS, Defendant-Appellant.

Second District    No. 2—00—1336

Opinion filed June 11, 2002.

16

G. Joseph Weller and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

After a jury trial, defendant, Terry T. Roberts, was found guilty of burglary (720 ILCS 5/19—1(a) (West 1996)) and sentenced as a Class X offender to 20 years' imprisonment. He was tried and sentenced *in absentia*. Defendant sought a new sentencing hearing pursuant to section 115—4.1(e) of the Code of Criminal Procedure of 1963 (Code of Criminal Procedure) (725 ILCS 5/115—4.1(e) (West 2000)), and the trial court denied the motion. On appeal, defendant argues that the statute the trial court relied upon to sentence him as a Class X offender, section 5—5—3(c)(8) of the Unified Code of Corrections (Code)

(730 ILCS 5/5—5—3(c)(8) (West 1996)), violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). We affirm.

Although defendant was not present during the sentencing proceedings, he was represented. The State relied on the presentence report and certified copies of some of defendant's prior convictions to establish his eligibility for a Class X sentence. These documents revealed convictions, among others, of a burglary committed in 1980 (Ill. Rev. Stat. 1979, ch. 38, par. 19—1(a) (now 720 ILCS 5/19—1(a) (West 2000))), a residential burglary committed in 1982 (Ill. Rev. Stat. 1981, ch. 38, par. 19—3(a) (now 720 ILCS 5/19—3(a) (West 2000))), and a residential burglary committed in 1984 (Ill. Rev. Stat. 1983, ch. 38, par. 19—3(a) (now 720 ILCS 5/19—3(a) (West 2000))).

On February 13, 1998, the trial court found that defendant was eligible to receive a Class X sentence and accordingly sentenced him to 20 years' imprisonment. Defense counsel appealed on defendant's behalf. This court granted the Appellate Defender's motion to withdraw as defendant's counsel on appeal and affirmed defendant's conviction and sentence. *People v. Roberts*, No. 2—98—0317 (1999) (unpublished order under Supreme Court Rule 23).

On August 6, 1999, defendant filed a *pro se* motion for a new sentencing hearing pursuant to section 115—4.1(e) of the Code of Criminal Procedure. Defendant offered several explanations for his absence from the sentencing proceedings including that he was (1) incarcerated in Indiana, (2) incapacitated due to severe drug and alcohol addiction, and (3) terminally ill and under excessive psychological stress.

The trial court conducted a hearing during which defendant and his mother testified about why defendant was absent from the sentencing proceedings and defendant's efforts during that time to contact his trial counsel. Finding that defendant failed to establish that his absence was not his fault and due to circumstances beyond his control, the trial court denied the request for a new sentencing hearing. Defendant timely appealed.

In this appeal, defendant raises for the first time his claim that section 5—5—3(c)(8) of the Code is unconstitutional. He does not challenge the trial court's rejection of his excuses for not appearing during the sentencing proceedings. Although the State does not argue that defendant's claim is procedurally defaulted, we will address the principles governing review after the denial of a motion under section 115—4.1(e) of the Code of Criminal Procedure.

Section 115—4.1 provides for the trial of a person who is absent at the time of the trial. Section 115—4.1(e) allows a defendant

18

convicted or sentenced *in absentia* to obtain a new trial or sentencing hearing if he "can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control." 725 ILCS 5/115—4.1(e) (West 2000). Section 115—4.1(g) provides that a defendant whose section 115—4.1(e) motion is denied may appeal. The notice of appeal "may also include a request for review of the judgment and sentence not vacated by the trial court." 725 ILCS 5/115—4.1(g) (West 2000).

Our supreme court has characterized section 115—4.1(e) as a collateral remedy that under the appropriate circumstances may be used to secure a review of the conviction. Thus, it is analogous to a petition under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2000)) or under the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2000)) and will support an appeal separate from a direct appeal of the underlying judgment. *People v. Partee*, 125 Ill. 2d 24, 35 (1988); see also *People v. Williams*, 274 Ill. App. 3d 793, 797-98 (1995).

This court has held that the defendant must request in his notice of appeal a review of the underlying judgment. Otherwise, "the notice of appeal would necessarily pertain only to issues relating to the order denying his section 115—4.1(e) motion ***, *i.e.*, whether his absence from court was without his fault and due to circumstances beyond his control." *People v. Pontillo*, 267 Ill. App. 3d 27, 33 (1994).

In *Pontillo*, the defendant argued on appeal that he was denied a fair trial because, during the closing arguments, the prosecutor misstated the law. The defendant failed to include in his notice of appeal a request for review of the underlying conviction and sentence, however. Relying on the general rule that an appellate court has jurisdiction over only those matters raised in the notice of appeal, this court held that it was vested with jurisdiction over only the issues arising from the denial of the defendant's section 115—4.1(e) motion. *Pontillo*, 267 Ill. App. 3d at 33-34.

■ Defendant's notice of appeal did not include a request for review of the conviction or sentence. *Pontillo* does not mandate a dismissal here, however. Unlike the defendant in *Pontillo*, who raised only a claim of trial error, defendant here is challenging the constitutionality of the statute used to sentence him as a Class X offender. Generally, a challenge to the constitutionality of a criminal statute may be raised at any time, including for the first time on appeal. *People v. Wright*, 194 Ill. 2d 1, 23 (2000); *People v. Wooters*, 188 Ill. 2d 500, 510 (1999).

■ We recognize that defendant's claim could have been raised during the direct appeal. As noted above, however, an appeal from the denial of a section 115—4.1(e) motion is akin to a petition under sec-

tion 2—1401 of the Code of Civil Procedure. Section 2—1401 grants criminal defendants a means to challenge void judgments. *People v. Harvey*, 196 Ill. 2d 444, 448 (2001). Defendant's claim is that, because section 5—5—3(c)(8) of the Code is unconstitutional, the trial court lacked the authority to sentence him as a Class X offender. If a trial court imposes a sentence greater than that permitted by statute, the excess portion of the sentence is void and may be attacked at any time, either directly or collaterally. *Harvey*, 196 Ill. 2d at 447-48; *People v. Tooley*, 328 Ill. App. 3d 418, 421-22 (2002); *People v. Rankin*, 297 Ill. App. 3d 818, 821 (1998). If, as defendant argues, section 5—5—3(c)(8) of the Code is unconstitutional, it would be fundamentally unfair to uphold his sentence. *Wright*, 194 Ill. 2d at 24. For these reasons, we decline to apply either *Pontillo* or waiver principles here and will address defendant's contention on appeal.

■ The proportionate penalties clause states in relevant part that "[a]ll penalties shall be determined *** according to the seriousness of the offense." Ill. Const. 1970, art. I, § 11. At the time of the offense, section 5—5—3(c)(8) of the Code provided in pertinent part:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender." 730 ILCS 5/5—5—3(c)(8) (West 1996).

Defendant's complaint is that in cases where section 5—5—3(c)(8) is triggered, someone who is convicted of a Class 2 felony will receive the same Class X sentence as someone who is convicted of a Class 1 felony. According to defendant, because Class 1 felonies are categorically more serious than Class 2 felonies, section 5—5—3(c)(8) results in disproportionate penalties.

■ Statutes are presumed constitutional, and the party challenging a statute has the burden of clearly establishing a constitutional violation. *Wright*, 194 Ill. 2d at 24. The legislature is more aware of the evils confronting society and therefore is more capable of measuring the seriousness of offenses. *People v. Koppa*, 184 Ill. 2d 159, 171 (1998). As a result, the courts are reluctant to invalidate penalties that the legislature has established. *People v. Lee*, 167 Ill. 2d 140, 145 (1995).

■ The courts have identified three ways in which the proportionate penalties clause may be violated: (1) where the punishment for an offense is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community; (2) where similar offenses are compared and conduct that creates a less serious threat to the

public health and safety is punished more harshly; and (3) where identical offenses result in different sentences. *Koppa*, 184 Ill. 2d at 164.

■ Defendant's challenge is based on the second type of violation. This is a cross-comparison analysis that involves a two-step inquiry: (1) whether the purposes of the compared offenses are similar such that a comparative analysis is appropriate; and (2) if the purposes are related, whether the offense with the harsher penalty is more serious than the offense with the less severe penalty. *People v. Davis*, 177 Ill. 2d 495, 506 (1997).

■ Defendant has failed to demonstrate that either condition has been satisfied here. First, defendant's proportionate penalties challenge is anomalous because, instead of comparing specific offenses, defendant is comparing entire classes of offenses. It is inappropriate, however, to compare offenses and their penalties unless the offenses have common statutory purposes. When offenses have different purposes, the courts presume that the legislature considered different factors in establishing the penalties and accordingly defer to the legislature's judgment. *People v. Lombardi*, 184 Ill. 2d 462, 476 (1998).

Although Class 1 felonies are generally considered more serious than Class 2 felonies, we are unaware of any decision that has broadened the cross-comparison analysis to include the comparison of entire classes of offenses that do not necessarily have related purposes. We decline to do so. Accordingly, we conclude that defendant has failed to demonstrate that a comparative analysis is appropriate here.

Second, even if we assume *arguendo* that a comparative analysis is appropriate, the decisions clearly state that for a violation to exist the offense at issue must be punished *more severely* than a similar but more serious offense. Our supreme court has stated that "the proportionate penalties clause is *not* violated if the penalty for a more serious offense is equal to or greater than that established for a less serious offense." (Emphasis in original.) *Lombardi*, 184 Ill. 2d at 482. Here, a conviction of a Class 2 felony that triggers section 5—5—3(c)(8) is not punished *more severely* than a conviction of a Class 1 felony that triggers section 5—5—3(c)(8). The penalties are equal.

The reason for the rule becomes apparent when applied in the context of section 5—5—3(c)(8). The sentencing range for a Class X felony is wide. See 730 ILCS 5/5—8—1(a)(3) (West 2000) (6 to 30 years). When sentencing a defendant, a trial court naturally will consider the nature of the offense and the defendant's criminal history. See, *e.g.*, *People v. Blackwell*, 325 Ill. App. 3d 354, 361 (2001) (seriousness of the offense is the most important factor in sentencing). Thus, where other sentencing factors are equal, a defendant convicted

of a Class 2 felony that triggers section 5—5—3(c)(8) is more likely to receive a lower sentence than if he were being sentenced on a Class 1 felony that triggers section 5—5—3(c)(8). Because the trial court has the discretion in this situation to fashion a sentence based on the seriousness of the offense and the defendant's criminal history, defendant's proportionate penalties claim is unconvincing.

Defendant claims that in *People v. Morris*, 136 Ill. 2d 157 (1990), the court rejected the rule that no violation exists where the punishment for less serious offenses is the same as that for more serious offenses. Although the defendant in *Morris* mentioned that altering a temporary registration permit for one's own vehicle carried the same Class 2 penalty as the possession of a stolen vehicle (*Morris*, 136 Ill. 2d at 166-67), that case did not involve the cross-comparison analysis at issue here. Instead, the court held that the penalty for altering a temporary registration permit was disproportionate to the seriousness of the offense. *Morris*, 136 Ill. 2d at 168. As a result, *Morris* does not support defendant's position.

Finally, we find *Lombardi* to be highly instructive. One of the defendants in *Lombardi* was convicted of armed violence predicated on the possession of a controlled substance (720 ILCS 5/33A—2(a) (West 1996); 720 ILCS 570/402(c) (West 1996)). He claimed that the armed violence statute violated the proportionate penalties clause because the offense carried the same penalty regardless of the seriousness of the underlying felony. In rejecting the defendant's challenge, the court stated that the legislature acted within its discretion in focusing on the use of a weapon rather than the character of the underlying felony. Thus, there was no violation of the proportionate penalties clause even though the penalty for armed violence did not vary according to the seriousness of the underlying felony. *Lombardi*, 184 Ill. 2d at 483.

Similarly, here, it was proper for the legislature to focus on recidivism rather than the character of the underlying Class 1 or Class 2 felony. The legislature reasonably could determine that Class 1 and Class 2 felonies are serious enough to warrant the same enhanced penalty when the elements of section 5—5—3(c)(8) are satisfied.

Accordingly, we hold that section 5—5—3(c)(8) of the Code does not violate the proportionate penalties clause and affirm the judgment of the circuit court of Winnebago County.

Affirmed.

CALLUM and KAPALA, JJ., concur.