2020 IL App (1st) 181016-U

No. 1-18-1016

Order filed September 11, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 96 CR 25108 |
| | ) | |
| ALVARO ORTEGA, | ) | Honorable |
| | ) | Domenica A. Stephenson, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Delort and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's dismissal, on the State's motion, of defendant's petitions for postconviction and postjudgment relief is affirmed when they failed to establish a substantial deprivation of his constitutional rights.

¶ 2    Defendant, Alvaro Ortega, appeals from the circuit court's dismissal, upon the State's motion, of his "blended" petition and supplemental petitions for relief filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2016)), and section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)). On appeal, defendant contends the

court erroneously denied him relief when his petitions alleged he was entitled to a hearing regarding his absence from trial under section 115-4.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-4.1 (West 2006)), and he was denied the effective assistance of counsel when the private attorney he retained posttrial failed to request such a hearing. Defendant further contends that the circuit court should have granted him relief based on the "glaring disparity" between his 35-year prison sentence and the 15-year sentence imposed on a codefendant. We affirm.

¶ 3 Initially, we note that our review in this case is complicated by the incomplete record on appeal, which contains only a few transcripts from the extensive pretrial proceedings and lacks a transcript of the jury trial where defendant was tried *in absentia*. The following facts are gleaned from the limited record on appeal, including a stipulated supplemental record that defendant filed with leave of this court.

¶ 4 Defendant and codefendant Eugenio Natal were charged by indictment with the delivery and manufacture of more than 900 grams of cocaine in violation of section 401(a)(2)(d) of the Illinois Controlled Substances Act (720 ILCS 570/401(a)(2)(d) (West 1996)) following a sale of suspected narcotics on August 1, 1996.

¶ 5 In 1999, the State successfully moved to disqualify defendants' trial counsel on conflict of interest grounds. Defendants petitioned for leave to appeal the disqualification order. After this court dismissed the petition, they petitioned for leave to appeal to our supreme court. The supreme court denied the petition, but entered a supervisory order instructing this court to hear the appeal. We reversed the disqualification order (*People v. Ortega*, 329 Ill. App. 3d 114 (2002)), and the State then filed a petition for leave to appeal, which the supreme court allowed. The supreme court

found that the trial court did not abuse its discretion when it granted the motion to disqualify defendants' counsel, and reinstated the disqualification. *People v. Ortega*, 209 Ill. 2d 354 (2004).

¶ 6    At an August 9, 2004 hearing, the State asked that defendant be "sworn" regarding his current address and whether it had changed from the address on his bond slip. The State explained that it wanted defendant's current address in case he failed to appear in the future and noted that he was obligated to inform the court if his address changed. The State stated that the address on the bond slip was 3339 West Pierce. Defendant stated that his correct address was 3516 West Le Moyne in Chicago.

¶ 7    On March 28, 2006, defendant did not appear in court, and the trial court entered a bond forfeiture warrant. On April 28, 2006, the trial court entered judgment on the bond forfeiture warrant.

¶ 8    At a September 19, 2006 hearing at which defendant was not present in court, the State explained that on March 14, 2006, the case was set for a bench trial on March 28, 2006, but that defendant did not appear for trial that day. The court asked if defendant was present when the case was set for trial, and the State answered "Absolutely." The State then represented to the court that on March 14, 2006, defendant "was present in court and told to be in court on March 28, 2006, for a bench trial" but that defendant did not appear on that date or at subsequent court dates.[1] The State further noted that it sent a "registered letter" to defendant at 3339 West Pierce in Chicago, and that a return receipt from the post office stated that no one by defendant's name lived at that address. Moreover, a State investigator went to 3516 West Le Moyne on the morning of September 19, 2006, and was told by a woman that no one by the defendant's name had lived there in the two

---

[1] The report of proceedings from March 14, 2006, is not included in the record on appeal.

years that she lived at that address. The court asked if the State wanted the return receipt made part of the record, and the State answered affirmatively.[2]

¶ 9    Trial counsel then asserted that the clerk of court was required to notify defendant via certified mail and that this was a prerequisite for trial *in absentia*. The court found "substantial compliance" when, although the notification was not sent by the clerk of court, the return receipt showed that notice was sent by registered mail to the address on defendant's bond slip. The court then asked whether there was anything else on the issue, and the State replied it would "like the record to clearly reflect that on October 11, 1996, [defendant] was sent to this courtroom, *** and on October 11, 1996, [he] was present in court during which [the trial court] advised him of his rights *in absentia.*" The State further represented that defendant was advised of his trial rights in *absentia* during the August 2, 1996 bond hearing.[3]

¶ 10    Defendant was thereafter tried *in absentia* by a jury and found guilty of the manufacture and delivery of more than 900 grams of cocaine. Although the transcript from defendant's trial is not included the record on appeal, the transcript from his sentencing hearing is included. On November 27, 2006, defendant was sentenced *in absentia* to 35 years in prison.

¶ 11    Defendant's notice of appeal was filed on December 26, 2006, and the Office of the State Appellate Defender was appointed to represent him. On December 6, 2007, his direct appeal was dismissed upon the State's motion pursuant to the fugitive disentitlement doctrine. See *People v. Ortega*, No. 1-07-0055 (2007) (dispositional order).

---

[2] This document is not included in the record on appeal.
[3] The reports of proceedings from August 2, 1996 and October 11, 1996 are not included in the record on appeal.

¶ 12    On January 4, 2013, defendant was arrested. He was subsequently remanded to the Department of Corrections to serve his 35-year sentence.

¶ 13    On May 20, 2015, through private posttrial counsel, defendant filed a petition for leave to file a complaint for a writ of *mandamus* alleging that on May 4, 2015, counsel tried to file a motion to reinstate his direct appeal, but the clerk of the appellate court refused the filing based upon a lack of jurisdiction. Defendant sought a writ of *mandamus* compelling the clerk of the appellate court to permit the filing. The State's response argued that there was no basis for a writ of *mandamus*, defendant had no constitutional right to the reinstatement of his direct appeal, and defendant should seek relief under the Act. The supreme court denied the petition. See *Ortega v. Ravid*, No. 119306 (2015).

¶ 14    On February 26, 2016, defendant filed, through new postconviction private counsel, a "blended" petition pursuant to the Act and section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)) alleging that he was denied the effective assistance of counsel on direct appeal, who failed to file the complete record and timely respond to the State's motion to dismiss. Defendant further argued that his first private posttrial counsel failed to investigate the "applicable law," which resulted in the defense filing a motion to reinstate the direct appeal and seeking *mandamus* relief rather than initiating a postconviction proceeding.[4] The blended petition did not distinguish between claims brought pursuant to the Act or the Code of Civil Procedure.

¶ 15    Attached to the petition were, in pertinent part, (1) this court's order dismissing defendant's direct appeal; (2) several letters from the Office of the State Appellate Defender to defendant; (3)

---

[4] The petition also sought relief in case number 06 CR 27189, in which defendant was convicted of a violation of bail bond and sentenced to four years' imprisonment. However, the record reflects that during the pendency of the instant postconviction proceeding, the charges in that case were dismissed.

documents from the *mandamus* proceeding; (4) reports of proceedings from April 28, 2006, September 27, 2006, and November 27, 2006, and (5) defendant's unsigned affidavit.

¶ 16    Relevant here, a February 11, 2015 letter from the Office of the State Appellate Defender to defendant stated that the office could not reinstate defendant's direct appeal but that he may be able to file a motion pursuant to section 115-4.1(e) of the Code of Criminal Procedure of 1963 (725 ICLS 5/115-4.1(e) (West 2006)) or a postconviction petition.

¶ 17    In his affidavit, defendant averred that he appeared in court in March 2006 and agreed to a bench trial to be held on March 28, 2006, but that he did not appear that day. Defendant further averred that in 2006, he lived at 3516 West Le Moyne in Chicago, "records should show" that the address on his bond slip was 3516 West Le Moyne, and he did not receive the notice sent to 3339 West Pierce because he did not live there. He finally averred that, since he did not receive the notice, the law "require[d]" that he receive a new trial, this was "one of the issues [he] would raise" on direct appeal, and he had been "deprived" of the opportunity for a direct appeal due to ineffective attorneys.

¶ 18    The half-sheet for March 22, 2016 states, "possible docket" and the half-sheet for May 26, 2016 states "case docketed." The record on appeal does not contain reports of proceedings from those dates.

¶ 19    On March 22, 2017, defendant filed a supplemental postconviction petition through postconviction counsel alleging that "[t]he State has conceded that the Cook County Clerk's Office did not forward, via certified mail, [a] notice to Mr. Ortega" that a pretrial "court date" had been scheduled for April 28, 2006. The supplemental petition did not specify when the State allegedly made this concession, but argued that failure to strictly comply with the certified mailing

requirement warranted a new trial. The petition reiterated that defendant was denied the effective assistance of counsel on direct appeal when counsel failed to file either a brief or record.

¶ 20 On May 18, 2017, defendant filed a second supplemental postconviction petition through postconviction counsel challenging his 35-year sentence as an abuse of discretion, arbitrary, and unreasonable when his codefendant received a 15-year sentence. The State filed a motion to dismiss defendant's petitions for postconviction relief, and defendant filed a response.

¶ 21 On October 24, 2017, the circuit court heard argument on the State's motion to dismiss. The State argued that defendant was present when the case was set for trial but then did not appear for trial. The State thereafter mailed "certified letters" to defendant's last known address and sent an investigator. The State argued that the statutory requirement that notice be made by certified mail was followed, and the entity sending the notice was irrelevant as long as notice was proper. Postconviction counsel argued that under the plain language of section 115-4.l(a) of the Code of Criminal Procedure of 1963, the clerk's obligation to send notice by certified mail was mandatory. Counsel then argued:

> "[W]hat should original counsel have done after [defendant] was arrested and brought before the Court? The Court understands and knows full well that [section] 115-4 provides a mechanism for a hearing before the trial court or the circuit court concerning why and under what circumstances defendant did not appear in court."

¶ 22 On March 21, 2018, the circuit court granted the State's motion to dismiss.[5] In its written order, the court noted that defendant alleged that (1) he was denied effective assistance when

---

[5] In its dismissal order, the court noted that defendant raised issues as to case number 06 CR 27189, but that the State had conceded error and dismissed the charges in that case. The half-sheet entry for March

counsel on direct appeal failed to file a complete record or timely respond to the State's motion to dismiss, and when his first private posttrial counsel filed a motion to reinstate his appeal rather than a postconviction petition; (2) he was deprived of due process because he was not notified by certified mail of his trial date in violation of section 115-4.1(a) of the Code of Criminal Procedure of 1963; and (3) his 35-year sentence was both excessive and disparate from his codefendant's 15-year sentence.

¶ 23    The court found, in pertinent part, that trial counsel filed a timely notice of appeal, but appellate counsel could not pursue the appeal due to defendant's absence. According to the court, the ultimate failure of the first private posttrial counsel's attempt to reinstate the appeal did not mean that counsel rendered ineffective assistance. The court further found that the State sent notice to the address on defendant's bond slip in compliance with section 115-4.1(a) of the Code of Criminal Procedure of 1963, and rejected defendant's sentencing claims as he had a longer and more serious criminal history than codefendant and was a more active participant in the offense. Therefore, the court found that defendant failed to make a substantial showing of any constitutional violation and granted the State's motion to dismiss. Defendant filed a timely notice of appeal.

¶ 24    At the outset, we observe that although the circuit court noted that defendant filed a "blended" petition seeking relief pursuant to the Act and section 2-1401 of the Code of Civil Procedure, the court ultimately found that defendant failed to make a substantial showing of any constitutional violation and denied him relief under the Act. Before this court, defendant relies on *People v. Domagala*, 2013 IL 113688, to argue that the "postconviction court" erred in granting

22, 2017, states that "the State confesses that [defendant] has made a substantial showing of a constitutional violation," and "MS/Nolle Pros."

the State's motion to dismiss at the second stage when he was entitled to an evidentiary hearing under section 115-4.1(e) of the Code of Criminal Procedure of 1963, he was denied the effective assistance of counsel, and he should have been granted sentencing relief. Because defendant makes his arguments on appeal under the Act, we will analyze his claims pursuant to the Act rather than section 2-1401 of the Code of Civil Procedure.

¶ 25     The Act permits a defendant to collaterally attack a conviction by arguing that it resulted from a substantial deprivation of his constitutional rights. 725 ILCS 5/122-1 *et seq*. (West 2016). The Act provides for three stages of review by the circuit court. *People v. Domagala*, 2013 IL 113688, ¶ 32. If a petition is not summarily dismissed by the circuit court, it advances to the second stage of proceedings. *People v. Hodges*, 234 Ill. 2d 1, 10-11 (2009). At the second stage, the circuit court may appoint counsel for indigent defendants (725 ILCS 5/122-4 (West 2016)), and appointed counsel may amend the defendant's *pro se* petition (*People v. Cotto*, 2016 IL 119006, ¶ 27). Following any amendments of the petition, the State may answer the petition or move to dismiss it. *People v. Dupree*, 2018 IL 122307, ¶ 28. Where the State chooses to file a motion to dismiss, the circuit court must decide whether to grant the motion or allow the petition to advance to a third-stage evidentiary hearing. *Id.* For a defendant to be entitled to an evidentiary hearing, his petition and accompanying documentation must make a substantial showing of a violation of his constitutional rights. *Domagala*, 2013 IL 113688, ¶ 33.

¶ 26     A substantial showing is a measure of the legal sufficiency of the petition's well-pled allegations, which, if proven at an evidentiary hearing, would entitle a defendant to relief. *Id.* ¶ 35. All well-pled allegations that are not positively rebutted by the trial record must be accepted as true. *Id.* At this stage, determining whether a "petition contains sufficient allegations of

constitutional deprivations does not require the circuit court to engage in any fact-finding or credibility determinations." *People v. Coleman*, 183 Ill. 2d 366, 385 (1998)). A dismissal of a postconviction petition at the second stage is reviewed *de novo*. *People v. Sanders*, 2016 IL 118123, ¶ 31. The question before this court is whether the allegations in the petition, liberally construed in favor of a defendant and taken as true, are sufficient to invoke relief under the Act. *Id.* Because "there are no factual issues at the dismissal stage of the proceedings, the question is essentially a legal one" which requires this court to make our own independent assessment of the allegations in the petition and its supporting documentation. *Id.*

¶ 27    On appeal, defendant contends that the circuit court erred in granting the State's motion to dismiss his postconviction petitions when he "clearly invoked" his right to a hearing under section 115-4.1(e) of the Code of Criminal Procedure of 1963. Defendant notes that following his 2013 arrest he was not afforded the "benefit of an evidentiary hearing" regarding his absence from trial despite "the mandatory language" of section 115-4.1(e), and argues that he was deprived of effective assistance when his first private posttrial counsel never secured a section 115-4.1(e) hearing. In support, he notes the "total absence" of evidence in the record establishing that the clerk of the circuit court sent him any certified mail after March 28, 2006.

¶ 28    Initially, the State notes that defendant cannot argue for the first time on appeal that he was denied effective assistance because his first private posttrial counsel failed to invoke his right to a hearing under section 115-4.1(e) when this claim was not raised in any of his postconviction filings. The State further argues that, even were this court to reach defendant's ineffective assistance claim, he cannot establish prejudice when there is no constitutional right to effective assistance of counsel in collateral proceedings, defendant's first private posttrial counsel did not

render unreasonable assistance, and defendant has yet to request a hearing under section 115-4.1(e).

¶ 29    On appeal from the dismissal of a postconviction petition, the question is whether the allegations in the petition, liberally construed and taken as true, are sufficient to invoke relief under the Act. *People v. Jones*, 213 Ill. 2d 498, 505 (2004). Generally, a claim not raised in a postconviction petition cannot be argued for the first time on appeal. *Id.*; 725 ILCS 5/122-3 (West 2016) (any claim not presented in an original or amended petition is waived). While our supreme court may relax this rule by invoking its supervisory power, this court "is not free, *** to excuse, in the context of postconviction proceedings, an appellate waiver caused by the failure of a defendant to include issues in his or her postconviction petition." *Jones*, 213 Ill. 2d at 508.

¶ 30    Here, we agree with the State. In his postconviction filings defendant alleged that he was denied effective assistance when his first private posttrial counsel's failure to investigate the applicable law led to a motion to reinstate the appeal and an attempt to seek *mandamus* relief rather than the filing of a postconviction petition. Defendant did not allege, in either the initial postconviction petition or either of the supplemental filings, that he was denied effective assistance of counsel in 2015 based upon first private posttrial counsel's failure to seek a hearing under section 115-4.1(e). Although during argument on the State's motion to dismiss, postconviction counsel asked "what should original counsel have done" when defendant was arrested and brought before the court and mentioned section "115-4," counsel did not allege that first private posttrial counsel's failure to request a hearing pursuant to section 115-4.1(e) denied defendant the assistance of counsel. Accordingly, as defendant failed to raise this issue in his postconviction filings, he cannot not raise it for the first time on appeal. See *Jones*, 213 Ill. 2d at 505.

¶ 31    Moreover, even if we were to reach the merits of defendant's claim on appeal, he cannot establish prejudice from counsel's performance. See *People v. Zareski*, 2017 IL App (1st) 150836, ¶¶ 58-61 (to establish ineffective assistance of counsel, or unreasonable assistance in a postconviction case not arising from noncompliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), a defendant must show prejudice). In other words, defendant cannot show he was prejudiced by his first private posttrial counsel's failure to request a hearing under section 115-4.1(e) when there is no impediment to defendant requesting such a hearing and he is free to do so at any time. See *People v. Manikowski*, 288 Ill. App. 3d 157, 161 (1997) ("pursuit of postconviction relief *** does not foreclose pursuit of a section 115-4.1(e) motion"). Consequently, defendant's claim of ineffective assistance of counsel fails.

¶ 32    The State next contends that a claim alleging the deprivation of a statutorily granted right, such as a section 115-4.1(e) hearing, is not cognizable under the Act and may not serve as the basis for postconviction relief.  The State further posits that defendant never expressly sought a hearing under section 115-4.1(e) despite the fact that nothing prevents him from requesting such a hearing "now, or at any point in the foreseeable future."

¶ 33    Because statutes do not confer constitutional rights, an allegation of a deprivation of a statutory right is not a proper claim under the Act. *People v. Mitchell*, 189 Ill. 2d 312, 329-30 (2000). Moreover, our supreme court has held that a section 115-4.1(e) motion is "akin to a collateral attack upon a final judgment" rather than part of the procedure for a direct appeal of that judgment. *People v. Partee*, 125 Ill. 2d 24, 35 (1988). In other words, a motion filed pursuant to section 115-4.1(e) is "analogous" to an action for postjudgment relief under section 2-1401 of the Code of Civil Procedure or a petition for postconviction relief in that it is a collateral attack upon

a defendant's conviction. *Id.*; see also *People v. Roberts*, 331 Ill. App. 3d 15, 18 (2002) ("Our supreme court has characterized section 115-4.1(e) as a collateral remedy that under the appropriate circumstances may be used to secure a review of the conviction."). However, in the case at bar, we need not decide whether a defendant's claim that he was improperly denied a hearing under section 115-4.1(e) is cognizable under the Act, as defendant's argument that he "clearly" requested such a hearing is rebutted by the record.

¶ 34      Section 115-4.1(e) of the Code of Criminal Procedure of 1963 provides that:

> "When a defendant who in his absence has been either convicted or sentenced or both convicted and sentenced appears before the court, he must be granted a new trial or new sentencing hearing if the defendant can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control. A hearing with notice to the State's Attorney on the defendant's request for a new trial or a new sentencing hearing must be held before any such request may be granted. At any such hearing both the defendant and the State may present evidence." 725 ICLS 5/115-4.1(e) (West 2006).

Unlike other statutory provisions which permit a defendant to collaterally attack a final judgment, "section 115-4.1(e) sets forth neither how a defendant should request the hearing provided by the section nor the time frame for making such a request." *People v. Johnson*, 2019 IL App (4th) 170622, ¶ 11. Section 115-4.1(e)'s language is clear, however, that a defendant must make such a request, and that a hearing with notice to the State must be held before he can be granted relief.

¶ 35      Contrary to defendant's assertion on appeal, the record rebuts his assertion that he "clearly invoked" his right to a hearing under section 115-4.1(e). Rather, the record shows that defendant has repeatedly argued that he was denied a direct appeal due to the ineffective assistance of

appellate counsel and his first private posttrial counsel, and that the trial court's 2006 conclusion that there was substantial compliance with section 115-4.1(a)'s requirements for notifying a defendant who was not personally present in court at the time when a case was set for trial was erroneous. At this stage of proceedings under the Act, all well-pled allegations that are not positively rebutted by the record must be accepted as true. See *Coleman*, 183 Ill. 2d at 385. Here, defendant's allegation that the circuit court denied him relief despite his clear request for a hearing pursuant to section 115-4.1(e) is rebutted by the record when it does not contain defendant's request for such a hearing or the denial of such a request. Because defendant's allegation is rebutted, he has not established that the circuit court improperly denied him relief.

¶ 36 Defendant finally contends that the circuit court erred when it failed to grant him sentencing relief based upon the "glaring disparity" between his 35-year prison sentence and the 15-year sentence received by codefendant.

¶ 37 Initially, we note that a proceeding initiated under the Act is "not a substitute for a direct appeal, but rather is a collateral attack on a prior conviction and sentence" and permits inquiry into constitutional issues arising in the original proceeding that were not raised and could not have been adjudicated on direct appeal *People v. Davis*, 2014 IL 115595, ¶ 13. Issues raised and decided on direct appeal are barred by the doctrine of *res judicata*, and issues that could have been raised on direct appeal, but were not, are forfeited. *Id*. Thus, a sentencing claim is generally forfeited in a postconviction proceeding because the issue is of record and could be raised on direct appeal. In this case, however, defendant's direct appeal was dismissed pursuant to the fugitive disentitlement doctrine. Neither party addresses whether the dismissal of defendant's direct appeal affects his

ability to bring this claim in his postconviction proceedings. Regardless of defendant's potential forfeiture, however, the deficiencies in the record prevent us from reaching this claim.

¶ 38    Although the record on appeal contains a report of proceedings from the hearing where defendant was sentenced *in absentia*, the report of proceedings from defendant's trial is not included in the record on appeal. "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984); see also *People v. Moore*, 377 Ill. App. 3d 294, 300-01 (2007). Absent "an adequate record preserving the claimed error, the reviewing court must presume the circuit court had a sufficient factual basis for its holding." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 157 (2005). Any doubts arising from "the incompleteness of the record will be resolved against the appellant." *Foutch*, 99 Ill. 2d at 392.

¶ 39    When crafting a sentence, a trial court properly considers many factors, including the nature and circumstances of the offense and a defendant's actions in the commission of that offense. See *People v. Raymond*, 404 Ill. App. 3d 1028, 1069 (2010). Absent a transcript of defendant's trial, we construe the incompleteness of the record against him and presume that the trial court's sentencing determination was in conformity with law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 391-92.

¶ 40    For the forgoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 41    Affirmed.