THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL EMMETT, Defendant-Appellant.

First District (5th Division)    No. 1—92—3427

Opinion filed June 10, 1994.

Michael J. Pelletier and Linda Eigner, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNULTY delivered the opinion of the court:

After a bench trial, defendant was found guilty of counterfeiting a temporary vehicle registration permit. (625 ILCS 5/4—105 (West 1992).) He was sentenced to two years' probation with 60 days of home confinement from 7 p.m. to 7 a.m. Defendant appeals, claiming that section 4—105 of the anti-theft laws is unconstitutional as applied to him. We affirm.

The only witness to testify at trial was Officer Misiura. Officer Misiura testified that at 6 p.m. on August 21, 1991, at 150 North Ogden Avenue, Chicago, he saw a 1980 Buick Skylark without license plates. Misiura and his partner stopped the car and saw that there were three people in the car. Thurmond Neal was driving, defendant was in the passenger seat, and an unidentified woman was in the back seat. Neal was asked if he had a driver's license, and he replied that his license was suspended.

Officer Misiura testified that he noticed a white piece of paper in the rear window. He recovered that paper which had on it the words

"1980 Skylark," the vehicle identification number of the Skylark, and an expiration date of September 1, 1991. Also written on the paper were defendant's name and address. However, the paper did not have on it the name or seal of the Illinois Secretary of State.

Officer Misiura got the vehicle identification number of the car from the front dashboard and checked the registration by radio. He learned that the car was registered to Thurmond Neal. Neal and defendant were arrested.

At the police station, defendant was warned of his *Miranda* rights and asked who owned the car. Defendant said, according to Officer Misiura, that defendant had purchased the vehicle from Neal. The officer asked where the license plates and registration for the vehicle were, and defendant said that he only had the paper in the back window since he could not afford license plates. Officer Misiura asked defendant where he obtained the paper and defendant responded that he made the paper.

After Officer Misiura testified, it was stipulated that the records of the Illinois Secretary of State showed that the Buick Skylark in question was registered to Thurmond Neal. No further evidence was presented. Defendant was found guilty of counterfeiting a temporary vehicle registration permit and sentenced to two years' probation with 60 days' home confinement during evening hours.

Defendant claims on appeal that section 4—105 of the anti-theft laws is unconstitutional as applied to one who counterfeits a temporary registration permit for his own automobile. The State responds that because defendant failed to raise this constitutional challenge in the trial court, he has waived this issue. While it is generally true that a failure to raise an issue in the trial court will waive it on appeal, a constitutional challenge to a statute can be raised at any time. (*People v. Bryant* (1989), 128 Ill. 2d 448, 539 N.E.2d 1221.) The State attempts to circumvent this rule by claiming that where a statute is being challenged as unconstitutional as applied to a particular defendant, rather than on its face, the waiver rule still applies. We have found no case decided since *Bryant* which makes this distinction, and we do not endorse the applicability of the waiver rule in every instance where a statute is challenged for the first time on appeal as unconstitutional as applied.

Defendant's argument on appeal is based exclusively upon our supreme court's decision in *People v. Morris* (1990), 136 Ill. 2d 157, 554 N.E.2d 235. The defendant in *Morris* was convicted of possessing a temporary vehicle registration permit, knowing it to have been altered, a Class 2 felony. (625 ILCS 5/4—104 (West 1992).) The court noted that the purpose of the anti-theft laws is to protect owners

against theft and to protect the general public against the commission of crimes involving stolen automobiles. The court found that the Class 2 felony penalty for the alteration, by an owner of an automobile, of the temporary registration permit for that automobile is unconstitutional. The court explained:

> "A Class 2 penalty for a person who alters a temporary registration permit for a vehicle which he or she owns or to which he or she is legally entitled is not reasonably designed to protect automobile owners against theft, nor is it reasonably designed to protect the general public against the commission of crimes involving stolen motor vehicles. Such a penalty is violative of the due process clause of our constitution ***." *Morris*, 136 Ill. 2d at 162.

The defendant in the instant case claims that he is the owner of the vehicle for which he counterfeited the temporary registration permit. He therefore claims we should follow *Morris* and find section 4—105 unconstitutional as applied to defendant. In *Morris*, however, the undisputed facts showed that the temporary registration permit was altered by the registered owner of the vehicle. Here, defendant claims for the first time on appeal that he owned the Buick Skylark for which he counterfeited a temporary registration permit. At trial, Officer Misiura testified that defendant told the officer that he owned the vehicle. However, the parties stipulated to the fact that codefendant Neal was the registered owner of the vehicle. Furthermore, codefendant Neal was driving the car when the stop was made. Had defendant raised the constitutional issue in the trial court, the parties could have presented evidence which would have established ownership of the vehicle. Unfortunately, the record here remains undeveloped. However, it is undisputed that the registered owner of the vehicle was not the one who altered the vehicle registration. On this record, we decline to extend the principle set forth in *Morris*. Accordingly, defendant's conviction is affirmed.

Affirmed.

MURRAY, P.J., and COUSINS, J., concur.