NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (4th) 220646-U

NO. 4-22-0646

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 22, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| DIMETRIOUS IVY JR., | ) | No. 21CF190 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John P. Vespa, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice DeArmond and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, finding (1) defendant's as-applied constitutional challenge was forfeited, (2) the trial court did not abuse its discretion when it imposed consecutive sentences, and (3) an aggregate 52-year prison sentence was not excessive.

¶ 2    Following a jury trial, defendant, Dimetrious Ivy Jr., was found guilty of attempt (first degree murder) (720 ILCS 5/8-4(a), 9-1(a)(1))(West 2020)) and aggravated battery (*id.* § 12-3.05(e)(1)) for shooting Keishawn Crowder and unlawful possession of a weapon by a felon (*id.* § 24-1/1(a)). Defendant was sentenced to 42 years' imprisonment for attempt (first degree murder) and a consecutive 10 years' imprisonment for unlawful possession of a weapon by a felon. On appeal, defendant argues (1) his conviction for unlawful possession of a weapon by a felon is unconstitutional as applied to him, (2) the trial court abused its discretion when it

sentenced him to consecutive terms of imprisonment, and (3) his aggregate 52-year prison sentence was excessive. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        In April 2021, defendant was charged by indictment with attempt (first degree murder) and aggravated battery for shooting Crowder and unlawful possession of a weapon by a felon for knowingly possessing a firearm after having been previously convicted of a felony in Peoria County case No. 19-CF-222 for unlawful possession of a firearm without a valid firearm owner's identification (FOID) card (430 ILCS 65/2(a)(1) (West 2018)). Prior to trial, defendant stipulated to having a previous, unspecified felony conviction for the purposes of the unlawful possession of a weapon by a felon charge.

¶ 5        In March 2022, defendant was found guilty by a jury of all charged offenses. The trial court entered judgments on attempt (first degree murder) and unlawful possession of a weapon by a felon. Defendant filed a motion for a new trial, which the court denied.

¶ 6        At the sentencing hearing, the presentence investigation report (PSI) was admitted without corrections. The PSI showed defendant was twice adjudicated a delinquent minor. In 2018, defendant pleaded guilty to unlawful possession of a stolen motor vehicle, a Class 2 felony. In 2019, defendant pleaded guilty to unlawful possession of a controlled substance, a Class 4 felony, and unlawful possession of a firearm without a valid FOID card, a Class 3 felony.

¶ 7        The trial court found no statutory factors in mitigation applied, defendant's criminal history was a factor in aggravation, and that a sentence was necessary to deter others from committing the same crime. The court stated defendant's prospects for rehabilitation were "very poor," and consecutive sentences were necessary to protect the public. The court confirmed the available sentencing range with the parties. The State told the court that

defendant's sentencing range for attempt (first degree murder) was 26 to 50 years and for unlawful possession of a weapon by a felon it was 3 to 14 years. Defense counsel agreed with the State's sentencing ranges. Thereafter, the court sentenced defendant to 42 years for attempt (first degree murder) and 10 years for unlawful possession of a weapon by a felon, to be served consecutively, for an aggregate 52-year prison sentence.

¶ 8　　　　　　Defendant filed a motion to reconsider his sentence. At the hearing on defendant's motion, the trial court noted defendant shot at Crowder 25 times. The court stated defendant had poor prospects for rehabilitation and had amassed three prior felony convictions despite being only 24 years old. The court denied defendant's motion.

¶ 9　　　　　　This appeal followed.

¶ 10　　　　　　　　　　　　　　II. ANALYSIS

¶ 11　　　　　　On appeal, defendant argues (1) his conviction for unlawful possession of a weapon by a felon is unconstitutional as applied to him, (2) the trial court abused its discretion when it sentenced him to consecutive terms of imprisonment, and (3) his aggregate 52-year sentence was excessive. We address each in turn.

¶ 12　　　　　　　　　　　A. As-Applied Constitutional Challenge

¶ 13　　　　　　The State argues defendant has forfeited his as-applied constitutional challenge because he raised it for the first time on appeal. Defendant contends as-applied constitutional challenges may be raised for the first time on appeal when the record is sufficiently developed for a reviewing court to address the claim. Defendant cites *People v. Holman*, 2017 IL 120655, ¶¶ 29-32.

¶ 14　　　　　　"The distinction between facial and as-applied constitutional challenges is critical." *People v. Harris*, 2018 IL 121932, ¶ 38. An as-applied constitutional challenge requires

a defendant show a "statute is unconstitutional as it applies to the specific facts and circumstances" of that defendant. *Id.* Because an as-applied constitutional challenge depends on the specific facts and circumstances of that defendant, it is vital the record be sufficiently developed on the defendant's specific facts and circumstances for appellate review. *Id.* ¶ 39. "A court is not capable of making an 'as applied' determination of unconstitutionality when there has been no evidentiary hearing and no findings of fact. [Citation.] Without an evidentiary record, any finding that a statute is unconstitutional 'as applied' is premature." (Internal quotation marks omitted.) *Id.*

¶ 15        In *Holman*, the defendant was sentenced to life without parole for a murder he committed when he was 17 years old. *Holman*, 2017 IL 120655, ¶ 1. The defendant filed a *pro se* motion for leave to file a successive postconviction petition that was denied. *Id.* ¶ 20. On appeal, the defendant abandoned the claims in his successive postconviction petition and argued he was entitled to a new sentencing hearing pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012). *Holman*, 2017 IL 120655, ¶ 20. The defendant in *Holman* did not raise his as-applied constitutional challenge in his petition. *Id.* ¶ 27. The *Holman* court noted the rule from *People v. Thompson*, 2015 IL 118151, requires "a defendant must present an as-applied constitutional challenge to the trial court in order to create a sufficiently developed record." *Holman*, 2017 IL 120655, ¶ 32. The court went on to state *People v. Davis*, 2014 IL 115595, created "a very narrow exception to [the rule from *Thompson*] for an as-applied *Miller* claim for which the record is sufficiently developed for appellate review." *Holman*, 2017 IL 120655, ¶ 32; see *Harris*, 2018 IL 121932, ¶ 43.

¶ 16        In this case, defendant is not raising an as-applied *Miller* claim, so the "very narrow exception" discussed in *Holman* does not apply. Defendant contends, nonetheless, the

record is sufficiently developed for this court to review his claim that his conviction under the statute criminalizing unlawful possession of a weapon by convicted felons violated the second amendment of the United States Constitution (see U.S. Const., amends. II, XIV) as applied to him under the test established in *New York State Rifle & Pistol Ass'n Inc. v. Bruen*, 597 U.S. ___, 142 S. Ct. 2111 (2022). Particularly, there is no historical tradition of prohibiting persons, like defendant, with no prior convictions for violent crimes from possessing a firearm.

¶ 17        The State argues the record is not sufficiently developed because defendant stipulated to having a previous felony conviction without a factual record of which felony and its underlying facts. Defendant argues the PSI provides a sufficient record for our review.

¶ 18        The record contains only basic information about defendant's prior criminal history as contained in the PSI. Because defendant stipulated to his felon status, the record regarding his prior convictions was not developed. The trial court did not make any factual findings related to defendant's prior convictions nor how they pertain to his present claim pursuant to *Bruen*. Given the record is minimal concerning defendant's prior felonies and this case is not an as-applied *Miller* claim, we find defendant's as-applied constitutional challenge premature. *Harris*, 2018 IL 121932, ¶ 46; see *People v. House*, 2021 IL 125124, ¶ 31 (holding the appellate court erred when addressing an as-applied constitutional challenge pursuant to the proportionate penalties clause of the Illinois Constitution without a developed evidentiary record or factual findings). Therefore, defendant has forfeited his as-applied constitutional challenge to his unlawful possession of a weapon by a felon conviction by raising it for the first time on appeal. See *Harris*, 2018 IL 121932, ¶ 48 (noting the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)) is available to resolve constitutional issues dependent upon facts not found in the record).

¶ 19                           B. Consecutive Sentences

¶ 20        Defendant argues the trial court abused its discretion because the record does not support its finding a consecutive sentence for unlawful possession of a weapon by a felon was necessary to protect the public. The State argues defendant forfeited this issue by failing to raise it in his written motion to reconsider his sentence.

¶ 21        "[A] sentencing issue is deemed, on appeal, to be forfeited unless the defense (1) raised the issue in the sentencing hearing and (2) raised the issue again in a postsentencing motion." *People v. Prather*, 2022 IL App (4th) 210609, ¶ 15. Indeed, "[e]rrors which are not raised with sufficient specificity in the post-trial motion are not preserved for appellate review." *People v. Leggans*, 253 Ill. App. 3d 724, 732 (1993).

¶ 22        At the sentencing hearing, defendant argued the trial court should order his sentences to be served concurrently. In his motion to reconsider his sentence, defendant noted the sentences were consecutive and argued they were excessive in the aggregate. While defendant did not explicitly argue in the written postsentencing motion the court abused its discretion when imposing consecutive sentences, we find there was sufficient specificity to preserve the issue for appellate review.

¶ 23        The Unified Code of Corrections permits the trial court to impose consecutive sentences where, "having regard to the nature and circumstances of the offense and the history and character of the defendant, it is the opinion of the court that consecutive sentences are required to protect the public *** the basis for which the court shall set forth in the record." 730 ILCS 5/5-8-4(c)(1) (West 2022). "The record must show that the trial court concluded that consecutive terms were necessary to protect the public." *People v. Buckner*, 2013 IL App (2d) 130083, ¶ 36. "Because the trial court is in the best position to consider a defendant's credibility,

demeanor, general moral character, mentality, social environment, and habits, the trial court's decision to impose consecutive, rather than concurrent, sentences for multiple crimes will not be reversed on appeal absent an abuse of discretion." (Internal quotation marks omitted.) *People v. Couch*, 387 Ill. App. 3d 437, 445 (2008). An abuse of discretion occurs when the record does not show the trial court considered mitigating factors, including a defendant's potential for rehabilitation, and does not support the court's determination that consecutive sentences were necessary to protect the public. *Buckner*, 2013 IL App (2d) 130083, ¶ 36 (citing *People v. O'Neal*, 125 Ill. 2d 291, 298-301 (1988)).

¶ 24         Defendant contends (1) his criminal history, while somewhat lengthy, does not contain any prior convictions for violent offenses, (2) he has no gang involvement, and (3) he has struggled with depression, for which he takes antidepressant medication. Defendant also argues discretionary consecutive sentences "should be imposed sparingly" and are "rarely appropriate." *People v. Gray*, 121 Ill. App. 3d 867, 873 (1984); *O'Neal*, 125 Ill. 2d at 298.

¶ 25         The trial court specifically found consecutive sentences were necessary to protect the public. Our review, then, is whether "the [trial] court's determination that consecutive sentences were necessary to protect the public was arbitrary, fanciful, or unreasonable." *People v. Parker*, 2019 IL App (3d) 160455, ¶ 76. The court found defendant's prospects for rehabilitation to be poor and no mitigating factors applied. Defendant already had three prior felony convictions despite only being 24 years old at the time of sentencing. Additionally, defendant had shot at Crowder 25 times. Based upon our review of the record, the court's determination consecutive sentences were necessary to protect the public was not arbitrary, fanciful, or unreasonable. Therefore, the court did not abuse its discretion when finding consecutive sentences were necessary to protect the public.

¶ 26                                    C. 52-Year Aggregate Sentence

¶ 27        Defendant argues the trial court abused its discretion when sentencing him to a

52-year aggregate sentence because it failed to consider his lack of a violent criminal history and

youth at the time of the offenses.

¶ 28        "When imposing sentence, a trial court must balance a defendant's rehabilitative

potential with the seriousness of the offense." *People v. Harris*, 2015 IL App (4th) 140696, ¶ 54

(citing Ill. Const. 1970 art. 1, § 11). The trial court is afforded "great discretion *** in each case

to fashion an appropriate sentence within the statutory limits." *People v. Fern*, 189 Ill. 2d 48, 53

(1999). "The sentence imposed by the trial court is entitled to great deference and will not be

reversed on appeal absent an abuse of discretion." *People v. McGuire*, 2017 IL App (4th)

150695, ¶ 38.

¶ 29        Defendant's sentence for attempt (first degree murder) carries the bulk of his

aggregate sentence. Attempt (first degree murder) is a Class X offense ordinarily eligible for a

6-to-30-year sentencing range. 730 ILCS 5/5-4.5-25(a) (West 2022). Because defendant

personally discharged a firearm during the commission of the offense, he faced an additional 20

years, making the statutory range 26 to 50 years. 720 ILCS 5/8-4(c)(1)(C) (West 2022). On the

attempt (first degree murder) conviction alone, defendant was given 42 years in prison, which

falls within the statutory range. "A sentence within the statutory limits will not be deemed

excessive unless it is greatly at variance with the spirit and purpose of the law or manifestly

disproportionate to the nature of the offense." (Internal quotation marks omitted.) *McGuire*, 2017

IL App (4th) 150695, ¶ 38.

¶ 30        Defendant contends the trial court failed to adequately consider the mitigating

information contained in the PSI. Defendant's prior record does not consist of violent offenses,

he was diagnosed with conduct disorder at 16 years old, and he suffers from depression. Furthermore, his sentence is presently a *de facto* life sentence because the earliest he would be released is at 63 years old.

¶ 31 The trial court engaged defendant's counsel specifically on the point of defendant's personal history:

> "THE COURT: Well, [defendant's] a high school dropout. He was unemployed at the time of this offense. Can you point me to some of his successes? And I know the answer, but I have to ask the question. What is your answer?
>
> [DEFENSE COUNSEL]: The answer is, I can't point to anything."

Shortly thereafter, defendant declined to provide a statement in allocution. The court went on to discuss defendant's rehabilitative potential:

> "Regarding defendant's prospects for rehabilitation I find that they're very poor. I could just invent something to help him out. I see nothing in his past, nothing today that points to anything remotely resembling good prospects for rehabilitation. I would just have to make things up, which I don't want to do. All the pieces of [defendant's] life that I look at are negative."

¶ 32 Defendant argues that while he only completed school through the eleventh grade, he nearly completed his general education development test and, in 2018, defendant was shot in the arm, which caused nerve damage and has made finding employment difficult. However, "[the trial] court is not required to expressly outline every factor it considers for sentencing and we presume the court considered all mitigating factors on the record in the absence of explicit evidence to the contrary." *Harris*, 2015 IL App (4th) 140696, ¶ 57.

¶ 33    Defendant has failed to show any explicit evidence the trial court did not consider the mitigating evidence presented at the sentencing hearing. The record shows the court considered, *inter alia*, the PSI, the statutory factors in mitigation and aggravation, defendant's personal history, and his potential for rehabilitation. While it is unquestionable that defendant's aggregate 52-year sentence is lengthy, it is largely due to his sentence for attempt (first degree murder), which carried a 26-to-50-year sentencing range by itself. Consecutive sentences certainly made it lengthier, but as we have already discussed, the consecutive sentences were permissible. The fact that defendant committed attempt (first degree murder) by personally discharging a firearm added 20 years to his sentencing range. Defendant's sentence is not greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the of the offenses. Ultimately, defendant was found guilty of attempt (first degree murder) when he shot at Crowder 25 times with a firearm he was not legally permitted to possess. The mere presence of rehabilitative and mitigating factors "does not entitle them to greater weight than the seriousness of the offense." *Id.* ¶ 58. Therefore, we do not find the court failed to adequately consider the mitigating evidence.

¶ 34                    III. CONCLUSION

¶ 35    For the reasons stated, we affirm the trial court's judgment.

¶ 36    Affirmed.