2024 IL App (1st) 221095-U

No. 1-22-1095

Order filed March 1, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

---

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 CR 5418 |
| | ) | |
| ANTWAN JACKSON, | ) | Honorable |
| | ) | Thomas J. Hennelly, |
| Defendant-Appellant. | ) | Judge Presiding. |

---

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mitchell and Justice Mikva concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Although we reverse defendant's two convictions for aggravated unlawful use of a weapon due to insufficient evidence, we affirm his conviction for unlawful use of a weapon by a felon over his claim that the unlawful use of a weapon by a felon statute is unconstitutional, as applied to him, and find his nine-year sentence for the offense not excessive.

¶ 2    Following a bench trial, defendant was convicted of one count of unlawful use of a weapon by a felon and two counts of aggravated unlawful use of a weapon based on lacking a currently valid concealed carry license and currently valid Firearm Owner's Identification card, respectively.

The trial court subsequently sentenced defendant to nine years' imprisonment. On appeal, defendant contends that: (1) there was insufficient evidence to convict him of both aggravated unlawful use of a weapon offenses; (2) all three convictions are unconstitutional under the second amendment (U.S. Const., amend. II); and (3) his sentence is excessive. We agree that there was insufficient evidence to convict defendant of aggravated unlawful use of a weapon and reverse those convictions. We, however, affirm his remaining conviction for unlawful use of a weapon by a felon and nine-year sentence.

¶ 3                                I. BACKGROUND

¶ 4      A grand jury indicted defendant on three counts, all based on his possession of a firearm. Count 1 charged defendant with unlawful use of a weapon by a felon for allegedly possessing the firearm after having been previously convicted of a felony. Count 2 charged defendant with aggravated unlawful use of a weapon for, *inter alia*, allegedly possessing the firearm without having been issued a currently valid concealed carry license. Lastly, Count 3 charged defendant with aggravated unlawful use of a weapon for, *inter alia*, allegedly possessing the firearm without having been issued a currently valid Firearm Owner's Identification (FOID) card.

¶ 5      The case proceeded to a bench trial, where the State's evidence showed that, in the evening of April 3, 2020, Chicago police officers responded to a report of a domestic disturbance at an apartment complex. In a courtyard, an officer observed defendant, who appeared to have a weapon. Upon encountering the police, defendant ran. During a chase of defendant, an officer observed him discard a firearm. The officers eventually apprehended defendant and recovered the firearm, which was loaded, had a laser attachment and an extended magazine. At the conclusion of the State's case, it entered into evidence a certified copy of conviction showing that defendant had previously

pled guilty to, and was convicted of, aggravated unlawful use of a weapon. The defense did not present any evidence. Thereafter, the trial court found him guilty on all three counts.

¶ 6   After defendant filed an unsuccessful motion for new trial, the case proceeded to a sentencing hearing. In aggravation, the State highlighted defendant's prior conviction and noted that the trial court found him guilty of unlawful use of a weapon by a felon. Given defendant's background, the State asserted that his presumptive minimum sentence was seven years' imprisonment. In mitigation, defendant noted that the relevant sentencing statute, section 5-4.5-110 of the Unified Code of Corrections (Code) (730 ILCS 5/5-4.5-110 (West 2020)), which prescribed sentences for convictions of unlawful use of a weapon by a felon and aggravated unlawful use of a weapon under certain circumstances when defendants had qualifying criminal backgrounds—would be repealed on January 1, 2023. Defendant further noted that the sentencing statute allowed the trial court to depart from the presumptive minimum of seven years' imprisonment based on various factors, including the age, immaturity or limited mental capacity of the defendant at the time of the commission of the qualifying predicate offense as well as whether the departure was in the best interest of the defendant's rehabilitation. Given that defendant was 19 years old when he committed his predicate offense of aggravated unlawful use of a weapon, he had graduated from high school, he had attended community college and he had six years of steady employment prior to the instant case, he argued that there was sufficient justification for the court to depart from the presumptive minimum of seven years' imprisonment. In turn, defendant requested a sentence of three years' imprisonment.

¶ 7   Following the parties' argument, the trial court did not believe defendant's age at the time of the predicate offense or the effect on his rehabilitation warranted a departure from the presumptive minimum of seven years' imprisonment. Although the court noted it was

"commendable" that defendant had a steady history of employment, it was troubled by defendant continuing to carry a firearm despite a prior firearms-related conviction. In addition, the court noted that defendant ran from the police and the evidence of his guilt was "overwhelming." Ultimately, the court sentenced defendant to nine years' imprisonment. Although the court did not distinguish between defendant's three convictions, the mittimus reflects that he received nine years' imprisonment on all three of his convictions, without a notation if those sentences were to be served concurrently or consecutively. Defendant moved the court to reconsider the sentence, but it denied his motion.

¶ 8      This appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10                          A. Sufficiency of the Evidence

¶ 11      Defendant first contends that the State presented insufficient evidence to prove his guilt for aggravated unlawful use of a weapon based on him lacking a currently valid concealed carry license (Count 2) or currently valid FOID card (Count 3). Defendant argues that, because the State failed to present any evidence showing he lacked either a currently valid concealed carry license or currently valid FOID card, the State failed to prove an essential element on each count.

¶ 12      Although the State does not dispute that it failed to present this evidence, it posits that defendant's sufficiency-of-the-evidence contention is moot because of a one-act, one-crime doctrine violation. Under the one-act, one-crime doctrine "a criminal defendant may not be convicted of multiple offenses when those offenses are all based on precisely the same physical act." *People v. Coats*, 2018 IL 121926, ¶ 11. The State asserts that, under the doctrine, because all three of defendant's convictions were based on the same physical act of possessing the same firearm, defendant's two convictions for aggravated unlawful use of a weapon should be vacated,

as the less serious offenses, and his unlawful use of a weapon by a felon conviction should stand, as the most serious offense. See *People v. Grant*, 2017 IL App (1st) 142956, ¶ 33 (where multiple firearms-related offenses were based on the same physical act of "possession of the same loaded firearm," the most serious offense must stand and the less serious offense must be vacated). Therefore, according to the State, any contention about the sufficiency of the evidence on his convictions for aggravated unlawful use of a weapon is moot because they would be vacated under the one-act, one-crime doctrine. While the State's argument is, in theory, correct, it is also true that, if we find insufficient evidence to sustain defendant's aggravated unlawful use of a weapon convictions, any argument about the one-act, one-crime doctrine, which defendant raises in the alternative in his brief, becomes moot. In other words, addressing either argument could result in the other becoming moot. Given this, we address defendant's sufficiency of the evidence contention, which he raises first.

¶ 13    When a defendant challenges the sufficiency of the evidence against him, we must determine whether, when the evidence is viewed in the light most favorable to the State, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. *People v. Jackson*, 2020 IL 124112, ¶ 64. The reviewing court does not retry the defendant, and thus, we do not substitute our judgment for that of the trier of fact on issues affecting the weight of the evidence. *Id.* We will not reverse a defendant's convictions "unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *Id.*

¶ 14    The trial court found defendant guilty of two counts of aggravated unlawful use of a weapon, one for lacking a currently valid concealed carry license (Count 2) and one for lacking a currently valid FOID card (Count 3). To prove defendant guilty on Count 2, the State had to prove, *inter alia*, that defendant possessed a firearm and he did so without having been issued a currently

valid concealed carry license. 720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5) (West 2020). Similarly, to prove defendant guilty on Count 3, the State had to prove, *inter alia*, that defendant possessed a firearm and he did so without having been issued a currently valid FOID card. 720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2020). Although there was no evidence presented that defendant produced either a concealed carry license or FOID card to the police, that did not relieve the State of the burden to show at trial that defendant had not been issued a currently valid concealed carry license or FOID card. "An essential element of proof to sustain a conviction cannot be inferred but must be established." *People v. Murray*, 2019 IL 123289, ¶ 28. For instance, in *In re Manuel M.*, 2017 IL App (1st) 162381, ¶ 15, this court reversed a juvenile's delinquency adjudication for aggravated unlawful use of a weapon predicated on not having a currently valid FOID card where, although a police officer testified that the juvenile "did not present a FOID card following his arrest," the State did not present "evidence that [he] had not been issued a FOID card."

¶ 15    Turning back to the instant case, as the State failed to prove that defendant had not been issued either a currently valid concealed carry license or currently valid FOID card, the State failed to prove an essential element of Count 2 and Count 3. See 720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5), (a)(3)(C) (West 2020); *In re Manuel M.*, 2017 IL App (1st) 162381, ¶ 15. Consequently, the State failed to present sufficient evidence to prove defendant guilty of aggravated unlawful use of a weapon on Count 2 and Count 3, and we must reverse these convictions.

¶ 16    Having concluded that defendant's convictions under Count 2 and Count 3 must be reversed, we next address his claim that we should remand the matter for resentencing on Count 1, his conviction for unlawful use of a weapon by a felon, because it cannot be determined how much weight the trial court gave to his now-improper aggravated unlawful use of a weapon convictions. See *People v. Durdin*, 312 Ill. App. 3d 4, 10 (2000) (remanding for resentencing on a

defendant's conviction for delivery of heroin where the reviewing court could not "determine what weight in sentencing was given by the trial court to the fact that defendant had [also] been convicted for delivery of cocaine within 1,000 feet of a school, which based on the evidence was an improper conviction").

¶ 17   At the time defendant committed the offense of unlawful use of a weapon by a felon, section 5-4.5-110 of the Code (730 ILCS 5/5-4.5-110 (West 2020)) was in effect. This section prescribed the sentence for the offense under certain circumstances. *Id.* Those circumstances were when the weapon was a firearm and the defendant had previously been convicted of a qualifying predicate offense, including aggravated unlawful use of a weapon when the weapon was a firearm. *Id.* § 5-4.5-110(a)(A), (b). Under these circumstances, defendant was to "be sentenced to a term of imprisonment within the sentencing range of not less than 7 years and not more than 14 years" unless the court found there was a "substantial and compelling justification" to depart from the guidelines based on various factors. *Id.* § 5-4.5-110(c)(1), (d).

¶ 18   During defendant's sentencing hearing, the State observed that defendant had been convicted of unlawful use of a weapon by a felon and based on his prior conviction, it asserted that the presumptive minimum sentence for defendant was seven years' imprisonment. Defendant, in mitigation, echoed the presumptive minimum sentence of seven years' imprisonment, but argued for a departure from the presumptive minimum based on the statutory factors. Before sentencing defendant, the trial court agreed with the parties that defendant's presumptive minimum sentence was seven years' imprisonment and found no reason to depart from that presumptive minimum based upon the relevant factors. In turn, the court sentenced defendant to nine years' imprisonment. Admittedly, the court never merged defendant's two convictions for aggravated unlawful use of a weapon into his conviction for unlawful use of a weapon by a felon and defendant's mittimus

reflects all three convictions with identical nine-year sentences. But it is clear that, based on the sentencing hearing, the State, defendant and the court knew defendant was only being sentenced on the unlawful use of a weapon by a felon conviction. This conviction was the only offense the State referenced and the presumptive minimum sentence of seven years' imprisonment was only relevant to the offense of unlawful use of a weapon by felon. See *id.* § 5-4.5-110(c)(1). Notably, section 5-4.5-110 of Code (*id.* § 5-4.5-110) also prescribed the sentence for aggravated unlawful use of a weapon under certain circumstances, which were applicable to defendant. See *id.* § 5-4.5-110(a)(A), (b). Under these circumstances, defendant was to be "sentenced to a term of imprisonment within the sentencing range of not less than 6 years and not more than 7 years" unless the court found there was a "substantial and compelling justification" to depart from the guidelines based on various factors. *Id.* § 5-4.5-110(c)(2), (d).

¶ 19    Although the trial court did sentence defendant to two years more than the presumptive minimum sentence for unlawful use of a weapon by a felon, the court justified its above-minimum sentence based on various evidence, including defendant running from the police and the overwhelming evidence of his guilt. Given the court referencing the presumptive minimum sentence of seven years' imprisonment, which only was the presumptive minimum sentence for unlawful use of a weapon by a felon, the court's justification for the above-minimum sentence, the State only referencing defendant's conviction for unlawful use of a weapon by a felon and no one, including most importantly the court, mentioning defendant's two convictions for aggravated unlawful use of a weapon, we are confident that the court did not give weight to these now-reversed convictions when imposing defendant's nine-year sentence for unlawful use of a weapon by a felon. As such, the record is devoid of an indication that defendant's now-reversed convictions had any influence on his sentence for unlawful use of a weapon by a felon. "Where there is no

indication from the record that defendant's reversed sentence and vacated conviction had any bearing on the sentence for the crime which is affirmed, it is not necessary to remand the cause for a new sentencing hearing." *People v. Lawrence*, 254 Ill. App. 3d 601, 614 (1993). Consequently, remanding the matter for resentencing is unnecessary.

¶ 20 Given our resolution of defendant's contention about the sufficiency of the evidence, we need not address his alternative contention concerning the one-act, one-crime doctrine, as that contention is now moot because he stands convicted of only one offense. See *People v. Blaylock*, 202 Ill. 2d 319, 325 (2002) (a claim is "moot when it presents or involves no actual controversy, interests or rights, or where the issues involved have ceased to exist").

¶ 21 B. Constitutionality of Firearm Offenses

¶ 22 Defendant next contends that his conviction for unlawful use of a weapon by a felon must be reversed because the unlawful use of a weapon by a felon statute is unconstitutional, as applied to him, under the second amendment (U.S. Const., amend. II). Defendant also raises a constitutional challenge to his aggravated unlawful use of a weapon convictions. However, because we have reversed those convictions, we need not address the related constitutional challenge. See *In re E.H.*, 224 Ill. 2d 172, 178 (2006); *People v. Wiggins*, 2016 IL App (1st) 153163, ¶ 73.

¶ 23 The second amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II. The second amendment applies to the states through the fourteenth amendment (U.S. Const., amend. XIV). *People v. Chairez*, 2018 IL 121417, ¶ 23. Defendant contends that, in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), the United State Supreme Court adopted a new test for evaluating the constitutionality of

firearm regulations under the second amendment, which focuses on whether the regulation is consistent with the United States' historical tradition of firearm regulation. In turn, defendant posits that the United States does not have a historical tradition of prohibiting non-violent people, like himself, from possessing firearms, and therefore, under *Bruen*, the unlawful use of a weapon by a felon statute is unconstitutional, as applied to him.

¶ 24    In analyzing a challenge to the constitutionality of a statute, we begin with the presumption that the statute is constitutional. *People v. Ligon*, 2016 IL 118023, ¶ 11. "To rebut the presumption, the party challenging the statute must clearly establish a constitutional violation." *People v. Boeckmann*, 238 Ill. 2d 1, 6 (2010). "Courts have a duty to uphold the constitutionality of a statute whenever reasonably possible, resolving any doubts in favor of the statute's validity." *People v. Rizzo*, 2016 IL 118599, ¶ 23. Although the trial court never was given an opportunity to determine whether the unlawful use of a weapon by a felon statute is unconstitutional, as applied to defendant, this is a question of law that we review *de novo*. *Id.* "An as-applied challenge requires a showing that the statute violates the constitution as it applies to the facts and circumstances of the challenging party." *People v. Thompson*, 2015 IL 118151, ¶ 36. "Therefore, it is paramount that the record be sufficiently developed in terms of those facts and circumstances for purposes of appellate review." *Id.* ¶ 37. "[A] reviewing court is not capable of making an as-applied finding of unconstitutionality in the 'factual vacuum' created by the absence of an evidentiary hearing and findings of fact by the trial court." *People v. Harris*, 2018 IL 121932, ¶ 41 (quoting *People v. Minnis*, 2016 IL 119563, ¶ 19).

¶ 25    To this end, the State argues that defendant forfeited his as-applied challenge for failing to raise it initially before the trial court. See *Thompson*, 2015 IL 118151, ¶ 39. Defendant concedes that he raised his as-applied constitutional challenge for the first time on appeal. But, citing to

*People v. Holman*, 2017 IL 120655, *overruled on other grounds by People v. Wilson*, 2023 IL 127666, defendant states that an as-applied constitutional challenge may be raised for the first time on appeal when the record is sufficiently developed for this court to review the claim.

¶ 26     In *Holman*, the defendant appealed from the denial of his *pro se* petition for leave to file a successive postconviction petition and argued for the first time that his sentence of natural life imprisonment was unconstitutional under recent United States Supreme Court precedent, in particular *Miller v. Alabama*, 567 U.S. 460 (2012). *Holman*, 2017 IL 120655, ¶ 20. In reviewing the propriety of the defendant raising the claim for the first time on appeal, our supreme court noted that, in *Thompson*, it "instruct[ed] that a defendant must present an as-applied constitutional challenge to the trial court to create a sufficiently developed record." *Holman*, 2017 IL 120655, ¶ 32. But our supreme court observed that, in *People v. Davis*, 2014 IL 115595, it "create[d] a very narrow exception to that rule for an as-applied *Miller* claim for which the record is sufficiently developed for appellate review." *Holman*, 2017 IL 120655, ¶ 32. The court subsequently found that the defendant's *Miller* claim "[did] not require factual development," as "[a]ll of the facts and circumstances to decide the defendant's claim *** [were] already in the record." *Id.* As such, in the interest of judicial economy, our supreme court addressed the claim. *Id.* In further analyzing *Holman*, our supreme court later observed that the reason it could address the defendant's as-applied claim was because "the critical determinations were purely legal issues." *Harris*, 2018 IL 121932, ¶ 44.

¶ 27     In the instant case, defendant is not making an as-applied *Miller* claim, but rather an as-applied claim based on the second amendment. Thus, the "very narrow exception" recognized by *Holman* does not apply. See *People v. Ivy*, 2023 IL App (4th) 220646-U, ¶ 16 (finding the "the 'very narrow exception' discussed in *Holman* [did] not apply" to a defendant raising an as-applied

challenge to the unlawful use of a weapon by a felon statute under the second amendment); see also Ill S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023) (providing that unpublished Rule 23 orders filed on, or after, January 1, 2021, "may be cited for persuasive purposes"). Nonetheless, defendant claims that the record in his case is sufficiently developed for review, though he does not explain how. Conversely, the State argues that defendant's claim turns on whether he is a non-violent felon, a factual issue that was not litigated below. And had defendant raised this claim below, it asserts that it could have presented compelling evidence to counter defendant's declaration that he is non-violent, though it does not identify any such evidence in its brief.

¶ 28     Assuming *arguendo* that as-applied constitutional claims outside the *Miller* context can be raised for the first time on appeal, we agree with the State that the record here is insufficient to address defendant's as-applied challenge. Although defendant posits that the record demonstrates that he has no history of violence, the record below was not created for making this determination. " 'A court is not capable of making an 'as applied' determination of unconstitutionality when there has been no evidentiary hearing and no findings of fact. [Citation.] Without an evidentiary record, any finding that a statute is unconstitutional 'as applied' is premature.' " *People v. Mosley*, 2015 IL 115872, ¶ 47 (quoting *In re Parentage of John M.*, 212 Ill.2d 253, 268 (2004)). It is true that defendant's only prior felony conviction was for aggravated unlawful use of a weapon, which was based on his possession of a firearm under unlawful circumstances, and thus, his prior felony conviction was not a violent one. See Black's Law Dictionary (11th ed. 2019) (defining "violent offense" as "[a] crime characterized by extreme physical force, such as murder, forcible rape, and assault and battery with a dangerous weapon"). But that does not mean the State could not have presented evidence at a hearing showing that defendant was a violent person such that he could still be considered a violent felon. See Black's Law Dictionary (11th ed. 2019) (defining "violent"

as "[o]f, relating to, or characterized by strong physical force" or " [v]ehemently or passionately threatening").

¶ 29     After all, in the instant case's sentencing hearing, the State asserted that the police arrived to an apartment complex based on a report of a domestic disturbance. In describing that report, the State noted that the report was that "defendant had been threatening [his partner] with a gun." In fact, defendant's presentence investigation report indicated an involvement with the Gangster Disciples street gang, though, in the report, defendant denied that association. Additionally, there could be disciplinary violations from defendant's time in prison, which could reflect upon whether he is violent. Certainly, such evidence and others of which we are unaware could show that, while defendant's prior felony conviction was for a non-violent offense, he nevertheless was a violent felon. Such an unresolved question is for the trial court to determine following an evidentiary hearing, and thus, the critical determinations to resolve defendant's as-applied challenge are not purely legal issues, but rather factual issues about his character. See *Harris*, 2018 IL 121932, ¶ 44.

¶ 30     Although defendant further relies on *People v. Burnett*, 2015 IL App (1st) 133610 and *People v. Emmett*, 264 Ill. App. 3d 296 (1994), for support that we may address his as-applied claim for the first time on appeal, those decisions are contradicted by our recent supreme court decisions on as-applied challenges. Both *Burnett* and *Emmett* insinuate that a defendant may raise an as-applied constitutional challenge at any time, regardless of whether he raised the challenge first to the trial court. See *Burnett*, 2015 IL App (1st) 133610, ¶¶ 80-82; *Emmett*, 264 Ill. App. 3d at 297. However, that is decidedly not the case. See *People v. House*, 2021 IL 125124, ¶ 31; *Harris*, 2018 IL 121932, ¶¶ 37-46. We recognize that the United States Supreme Court decided *Bruen* only one month before defendant's sentencing hearing, but because defendant failed to raise his as-applied constitutional challenge in the trial court, which prevented a developed evidentiary record

or factual findings, his as-applied challenge is inappropriate at this time. See *Harris*, 2018 IL 121932, ¶ 46.

¶ 31                                    C. Defendant's Sentence

¶ 32     Defendant lastly contends that his sentence is excessive where the trial court failed to depart from the presumptive minimum sentence under a sentencing statute that has since been repealed and where the court failed to adequately consider his lack of criminal history and potential for rehabilitation.

¶ 33     The Illinois Constitution requires the trial court to sentence a defendant according to the seriousness of his offense and with the goal of returning him to useful citizenship (Ill. Const. 1970, art. I, § 11), or, stated otherwise, to consider his rehabilitative potential. *People v. Knox*, 2014 IL App (1st) 120349, ¶ 46. Our legislature prescribes the acceptable sentencing ranges for criminal offenses, and the trial court imposes a sentence within the prescribed range. *People v. Charleston*, 2018 IL App (1st) 161323, ¶ 16. In determining the appropriate sentence, we afford the trial court broad discretion (*People v. Alexander*, 239 Ill. 2d 205, 212 (2010)), and we will not reverse a sentence absent an abuse of that discretion. *People v. Geiger*, 2012 IL 113181, ¶ 27.

¶ 34     We provide such deference to the trial court because it had "the opportunity to weigh such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age." *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). "We presume a trial court evaluates the relevant factors in mitigation before it, and that presumption cannot be overcome without affirmative evidence of the sentencing court's failure to do so." *People v. Williams*, 2017 IL App (1st) 150795, ¶ 44. "Nothing requires the trial court set forth every reason or specify the weight it gave to each factor when determining the sentence." *Id.* When the court sentences the defendant within the statutory range, the sentence is presumed proper. *Knox*, 2014

IL App (1st) 120349, ¶ 46. Such a sentence may only "be deemed excessive and the result of an abuse of discretion" if it "is greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *Stacey*, 193 Ill. 2d at 210.

¶ 35    In the instant case, because defendant was convicted of unlawful use of a weapon by a felon, the weapon at issue was a firearm and he had previously been convicted of aggravated unlawful use of a weapon where the weapon was a firearm, the sentencing range for his conviction was between 7 and 14 years' imprisonment. 730 ILCS 5/5-4.5-110(a)(A), (c)(1) (West 2020). However, the court could depart from this range if there was a "substantial and compelling justification" based upon various statutory factors. *Id.* § 5-4.5-110(d) (West 2020)). The court found no justification to depart from the range based on the various statutory factors and sentenced defendant to nine years' imprisonment, meaning that the sentence was presumptively proper. See *Knox*, 2014 IL App (1st) 120349, ¶ 46.

¶ 36    Having reviewed the record, we cannot say the trial court's sentence was greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense. In sentencing defendant to nine years' imprisonment, the court stated that it considered the evidence presented at trial, defendant's presentence investigation report, the evidence offered in aggravation and mitigation, the statutory aggravating and mitigating factors, and the arguments of the parties. The court's comments when sentencing defendant in conjunction with its explicit consideration of these various factors demonstrates that it gave thoughtful consideration prior to sentencing defendant to nine years' imprisonment.

¶ 37    Nevertheless, defendant highlights that his prior felony conviction occurred when he was 19 years old, the evidence of his alleged significant rehabilitative potential, his lack of a significant criminal history, among other mitigation evidence, and argues this evidence warrants not only a

lower sentence, but one departing from the presumptive minimum. Although the court had discretion to depart from the sentencing range of 7 to 14 years' imprisonment if there was a "substantial and compelling justification" based upon the various statutory factors (730 ILCS 5/5-4.5-110(d) (West 2020)), the court did not believe defendant's age at the time of the predicate offense or the effect on his rehabilitation warranted a departure. Defendant, in essence, asks this court to re-weigh the very same mitigating evidence considered by the trial court and arrive at a different sentence, which we cannot do. See *Alexander*, 239 Ill. 2d at 214-15 (stating that "it is not our duty to reweigh the factors involved in [a] sentencing decision" and chastising an appellate court for "substitut[ing] its own judgment for that of the trial court because it would have weighed the factors differently").

¶ 38 Lastly, defendant highlights that section 5-4.5-110 of the Code (730 ILCS 5/5-4.5-110 (West 2020)) has since been repealed. It is true that this section is no longer in effect, as it was repealed by its own terms effective January 1, 2024. See Pub. Act 102-1109, § 45 (eff. Dec. 21, 2022) (amending 730 ILCS 5/5-4.5-110). But the fact that the statute was repealed after defendant was sentenced does not mean the court's nine-year sentence was "greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *Stacey*, 193 Ill. 2d at 210. Consequently, the trial court did not abuse its discretion in sentencing defendant to nine years' imprisonment.

¶ 39                                    III. CONCLUSION

¶ 40 For the reasons stated, we affirm in part and reverse in part the judgment of the circuit court of Cook County.

¶ 41 Affirmed in part and reversed in part.